IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re ) | | |
| ) | | 3:52 pm, 12/12/17 |
| JALYNN M. YARBER ) | Case No.   13-20229 | Tim J. Ellis |
| ) | Chapter 7 | Clerk of Court |
| ) | | |
| Debtor. ) | | |
| ) | | |
| TRACY L. ZUBROD, Trustee of the Bankruptcy ) | | |
| Estate of Jaylnn M. Yarber ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Adv. 17-2006 | |
| ) | | |
| JALYNN M. YARBER, ) | | |
| ) | | |
| Defendant. ) | | |

FILED — UNITED STATES BANKRUPTCY COURT DISTRICT OF WYOMING

**OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on the Defendant's Motion for Summary Judgment and the Plaintiff's Response. This matter was initiated by the Chapter 7 Trustee, Tracy L. Zubrod filing a Complaint to Revoke Debtor's Discharge for refusal to obey a lawful order of this court. Additionally, Trustee Zubrod requested the court enter a judgment against Debtor for the pre-petition tax refund amount of $ 1,380.30.

Debtor requests summary judgment be entered based upon the facts that the Debtor complied with the order. After the hearing, the court took the matter under advisement. Having reviewed the record, Motion, response and parties' arguments, the court is prepared to rule.

**Jurisdiction**

The court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the definition of 28

U.S.C. § 157(b)(2)(A). Defendant bring's this motion under Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.[1]

**Facts**

Debtor Jalynn M. Yarber filed her voluntary Chapter 7 bankruptcy petition on March 19, 2013. Gary A. Barney was appointed the interim Trustee to administer the case. The § 341 meeting of creditors was scheduled and concluded on May 2, 2013. Debtor's discharge was entered on July 2, 2013. On June 2, 2016, Trustee Barney resigned as the Chapter 7 trustee and Tracy L. Zubrod was appointed successor trustee.

Trustee Zubrod filed a Motion to Compel Turnover and Cooperation seeking an order to compel Debtor to turnover, "$1,616.15 which represents the estate's portion of the 2013 Federal Tax refund, $51.85 bank balance, $144.00 nonexempt wages and $40.00 [the value of the] Taurus .22 pistol." Debtor filed a response that Trustee Barney, the prior chapter 7 Trustee, sent a memo to Debtor stating, "[T]he above referenced case still has a balance of $235.85 due to the estate." and sent Trustee Zubrod a check for that amount. The check was returned for insufficient funds. Debtor argues, that as Trustee Barney and Debtor reached an agreement that the case would be closed upon payment of $235.85, the Trustee Zubrod's motion to compel should only be granted in the amount of $235.85, *i.e.*, the amount of the insufficient funds check.

After a hearing, on September 13, 2017, the court entered its Order by a minute entry, granting Trustee's motion to compel Debtor's cooperation, and further ordering,

> ". . . [T]hat the Debtor shall provide to the Trustee the amount of $235.85, based on an insufficient funds check, within 14 days of the entry of this Order."

---

[1] Unless otherwise indicated all statutory references are to the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*.

Subsequently, Trustee Zubrod filed the Complaint seeking revocation of Debtor's discharge under §§ 727(a)(6)(A) and 727(d)(3). Debtor, after filing an answer, filed this Motion for Summary Judgment.

**Discussion**

1.  <u>Summary judgment on Complaint as Debtor complied with the court's order</u>

The Federal Rules of Bankruptcy Procedure makes Rule 56 Fed. R. Civ. P., applicable in Adversary proceedings, stating,

> A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.[2]

"Summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact."[3] A material fact is one that could affect the case's outcome, and a genuine issue is one where the evidence is such that the decision maker could find for the nonmoving party.[4] The nonmoving party cannot rest on the mere allegations and must present evidence to raise a genuine issue.

Trustee Zubrod brought the Complaint under §§ 727(a)(6)(A) and 727(d)(3), which provides: "The court shall grant the debtor a discharge, unless – the debtor has refused, . . .to obey any lawful order of the court, other than an order to respond to a material question or to testify. . .;[5] and, "On request of the trustee. . . after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if – the debtor committed an act specified

---

[2] Fed. R. Civ. P 56(a) and Fed. R. Bankr. P. 7056.
[3] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).
[4] *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1134-35 (10th Cir. 1994).
[5] §727(a)(6)(A).

in subsection (a)(6) of this section. . ."[6] Trustee Zubrod alleges Debtor refused to obey the court's Order compelling Debtor to turn over amounts of $235.85 and $1,380.30.[7]

The court's review of the pleadings reflects confusion and disconnect in several aspects of this case. Trustee Barney concluded the § 341 meeting of creditors issuing a "Trustee's Directive." The Directive specifically states, "The following requests are made . . . Turnover copy of 2013 tax return and any refund receipt thereof."[8] Subsequently, on August 4, 2015, Trustee Barney sent a memorandum to Debtor's counsel requesting payment of a balance due of $235.85. There was no mention of the tax refund or any amount owed to the estate. Thereafter, the case was transferred to Trustee Zubrod.

To complete the administration of the estate, Trustee Zubrod, sent a letter to Debtor's counsel on June 29, 2016, requesting the turn-over of Debtor's 2013 tax return. On July 8, 2016, staff from Trustee Zubrod's office, sent a Gmail to Debtor's counsel, requesting Debtor turn over $235.85, representing the nonexempt asset of the bank balance, [value of] the .22 pistol and nonexempt wages. Additionally, Trustee Zubrod's staff requested turnover of $1,380.30, representing "the estate's portion of her 2013 tax refund."

The confusion is further exacerbated by the proceedings at the hearing on the Motion to Compel. Although the Motion requested the turnover of the estate's portion of the 2013 tax refund, the matter was not addressed, and in fact, when Trustee Zubrod stated, "I do believe that the only unresolved matter is the Two Hundred Thirty Five Dollars and eighty five cents that is addressed in Mr. Stith's response." When the court asked the parties, [I]f there was "Anything additional on this matter," Trustee Zubrod responded, "No thank you." The court reviewed the

---

[6] §727(d)(3).
[7] *In re Yarber*; Case No. 13-20229; ECF No. 25.
[8] See Exh 1, Trustee Zubrod's response to summary judgment, Adversary case No. 17-2006, ECF 24.

Order compelling Debtor to turn-over property of the estate. The order does not indicate any action was taken as to the turn-over of the pre-petition tax refund.

In reviewing the pleadings, the court finds there is no disputed genuine issue of material fact regarding Debtor's failure to comply with the court's Order compelling turnover. The Order required Debtor to turn over $235.85, which she did. The Debtor's pre-petition tax refund, nor the amount to be turned over was discussed at the hearing. Reviewing the facts in the light most favorable to Trustee Zubrod, Debtor demonstrates there are no genuine issues of any material fact in controversy regarding Debtor's actions in complying with the Order of Compliance. Summary judgment shall be granted for Debtor.

**Conclusion**

As stated above, the court finds in favor of Debtor/Defendant's Motion for Summary Judgment. The court will not revoke Debtor's discharge for failure to comply with the compliance order, as she complied.

However, the remaining issue of entry of a judgment in favor of the Trustee in the amount of $1,380.30, representing the non-exempt pre-petition Federal tax refund shall be set for a status conference.

This constitutes the Court's findings of fact and conclusions of law. A separate judgment shall be entered pursuant to Fed. R. Bankr. P. 9021.

BY THE COURT

_____  12/12/2017
Honorable Cathleen D. Parker
United States Bankruptcy Judge

Service to:
　　　Tracy Zubrod
　　　Clark Stith